UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                              Criminal No. 07-cr-168-01-SM

<u>Jason Gerhard</u>

**<u>O R D E R</u>**

While it may be a debatable legal and ethical point, still, I think recusal in this case is both warranted and appropriate, given the close circumstantial relatedness between the charged conspiracy and reported public statements by the Browns and others associated with them over the past several months. Because those public statements included threats of violence and physical harm directed at me, a reasonable person, fully informed of the facts, might understandably question my ability to remain impartial in this case, were I to preside. Strictly speaking, the charges here do not include allegations of threats made against me (which would unquestionably warrant recusal)[1], but such distinctions overlook practical realities. While I have no

---

[1] Of course, a judge cannot be forced to recuse by a criminal defendant in a case already assigned to him or her merely because the defendant threatens that judge. It is quite a different matter, however, when that defendant is subsequently charged with the crime of threatening the judge — the judge, as "victim," cannot sit. The distinction would seem apparent, but is often not recognized or misunderstood.

doubt about my own ability to be impartial, I think the public interest is better served by my recusal and reassignment of this case to a different judge to avoid the risk of even an appearance of partiality.

The Clerk shall reassign the matter to a different judge.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 15, 2007

cc: Arnold H. Huftalen, AUSA
    Robert M. Kinsella, AUSA
    Stanley W. Norkunas, Esq.
    U.S. Marshal
    U.S. Probation